# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO ANTONIO CASTRO,<br><br>       Petitioner,<br><br>v.<br><br>DHS,<br><br>       Respondent. | Case No.: 17-CV-0355-JLS (JMA)<br><br>**ORDER DISMISSING PETITION AS MOOT**<br><br>(ECF No. 1) |

  Presently before the Court is Petitioner Gustavo Antonio Castro's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1). The Court ordered Respondent to show cause why the Petition should not be granted. (ECF No. 4.) Respondent has filed a return stating that the Petition is now moot because Petitioner has been repatriated to Colombia. (ECF No. 8.)

  "Deportation from the United States after filing a habeas petition" will moot the petitioner's claim unless there is "some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1063–64 (9th Cir .2007) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); and *Zegarra–Gomez v. INS*, 314 F.3d 1124, 1126–27 (9th Cir. 2003)). If "the habeas petition [ ] raise[s] claims that were fully resolved by release from custody," the petition is moot. *Abdala*, 488 F.3d at 1065.

Here, the basis for the Petition is somewhat unclear. Petitioner states he is being detained illegally by the Department of Homeland Security. (ECF No. 1, at 7.) It appears that Petitioner's main request is to be released. (*Id.* at 11, 15.)

Because Petitioner's release from custody and repatriated to Columbia has resolved the claims in his Petition, the Court **DENIES AS MOOT** the Petition for Habeas Corpus, (ECF No. 1). The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: May 1, 2018

Hon. Janis L. Sammartino
United States District Judge